[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a wrongful death action brought by the plaintiff, Thomas Ryan, administrator of the estate of Thomas Ryan, Jr. ("Ryan"), against the defendant, Mark Izard, M.D., the medical CT Page 9878 director of the infirmary at Trinity College. In a complaint dated February 12, 1993, plaintiff alleges that Ryan became a patient in the infirmary on November 13, 1990 and while under defendant's care and supervision, suffered permanent injuries culminating in his death on November 14, 1990. In December, 1993, this case was consolidated with plaintiff's action against Trinity College, Docket No. CV920122197.
On April 14, 1994, defendant filed a motion for summary judgment on the grounds that plaintiff's action is barred by the statute of limitations found in General Statutes § 52-555, as it was not filed within two years of the date when the injury was discovered or, in the exercise of reasonable care, should have been discovered. In support of the motion for summary judgment, defendant submitted portions of plaintiff's deposition testimony.[1]
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246-47,618 A.2d 506 (1992); Practice Book § 384. A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin,208 Conn. 606, 616, 546 A.2d 250 (1988).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations and internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., supra, 214 Conn. 579. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v.Dickmont Plastics Corp., supra. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Id.
The defendant argues that the deposition testimony indicates CT Page 9879 that plaintiff became aware of the injury and possible cause of action in November, 1990 and retained an attorney at that time. Defendant claims that insofar as § 52-555 contains a two-year statute of limitations and plaintiff did not file this action until February, 1993, the action is barred by the statute of limitations.
In response, plaintiff claims that on November 13, 1992, prior to the expiration of the statute of limitations, he filed notice of a 90-day extension pursuant to General Statutes §52-190a(b), which was granted by the clerk's office. The plaintiff claims that the purpose of the extension was to find out whether an independent cause of action needed to be brought against the defendant, who was already named as an agent or employee in the action against Trinity College. According to plaintiff, discovery had indicated that defendant may not have been an employee of Trinity College. The plaintiff claims that during the 90-day extension, he filed, a request to admit and discovered that defendant was not an agent or employee of Trinity College, so he filed the present action within the 90-day period.
The defendant claims that despite plaintiff's 90-day extension, summary judgment is still warranted. The defendant argues that plaintiff is not entitled to the benefit of §52-190a(b) because plaintiff did not seek an extension for the purpose of making reasonable inquiry to determine whether there were grounds for a good faith belief that there had been negligence in the care or treatment of plaintiff, but rather to determine whether an independent action against defendant was necessary.
General Statutes § 52-190a(b) provides that "[u]pon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section." Subsection (a) requires a plaintiff bringing an action alleging that injury or death resulted from the negligence or treatment of a health care provider to make "a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." The issue of whether the court can revoke the 90-day extension granted by the clerk's office when it is later found that such extension was granted for purposes other than making a reasonable inquiry has not been addressed by the CT Page 9880 Supreme or Appellate Court. However, in Burton v. West HartfordObstetrics Gynecology, 8 CSCR 300, 301 (March 2, 1993, Allen, J.), a defendant argued that the statute of limitations should not be tolled pursuant to § 52-190a(b) because the plaintiff had already made the reasonable inquiry required by subsection (a) of the statute. Rejecting defendant's claim that the clerk allowed the extra 90 days without questioning whether plaintiff needed the extra time, that court found that the clerk would not have had the authority to make such an inquiry. Id. This court adopts that analysis and concludes the statute of limitations is tolled in accordance with the § 52-190a(b), as the petition was filed prior to the running of the statute of limitation. Thus, the 90-day extension was automatically granted by the clerk's office and has been relied upon by plaintiff for over a year and the motion for summary judgment is therefore denied.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of September, 1994.
WILLIAM BURKE LEWIS, JUDGE